**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Stephen Dana  }  Docket No. 66-4-03 Vtec
  }
  }
  }
  }

Decision and Order on Cross-Motions for Partial Summary Judgment

Appellant Stephen Dana appealed from a decision of the Development Review Board (DRB) of the Town of St. Albans, approving Appellee-Applicant Shantee Point Estates, Inc.= s subdivision application for an access road. Appellant is represented by Brian P. Hehir, Esq.; Appellee-Applicant is represented by Lisa B. Shelkrot, Esq.; and the Town of St. Albans is represented by David A. Barra, Esq. The parties have moved for summary judgment on Questions 1 and 6 of the Statement of Questions.

The following facts are undisputed unless otherwise noted.

Appellee-Applicant Shantee Point Estates, Inc. owns a 25.35-acre parcel of land on Shantee Point in St. Albans adjoining Appellant= s land. Appellee-Applicant= s property contains pre-existing leased lots, over which a pre-existing road ran close to the shore of Lake Champlain, for access to those pre-existing leased lots. Appellee-Applicant now proposes to construct a roadway farther from the Lake within its property, and to discontinue the lakeshore roadway. Prior litigation established, among other things, that subdivision approval was required for the right-of-way for this roadway[1], as it was the extension of a road to serve more than two lots. The application for that permit is the subject of this appeal.

Question 1 of the Statement of Questions addresses whether the proposed subdivision is a two-lot subdivision or a three-or-more-lot subdivision. If it is a two-lot subdivision it may be reviewed under ' 203 of the Subdivision Regulations. If it is a subdivision into three or more lots, it must undergo review under ' ' 210 through 212; if it is a two-lot subdivision, these sections do not apply.

The application proposes the division of the property into only two lots: the L-shaped lot containing the road right-of-way and the remainder of Appellee-Applicant= s land. The fact that the remaining land contains pre-existing leased lots is not altered by this proposal. The removal of the former lakeshore roadway running over some of those leased lots also does not affect this proposal or turn it into more than a two-lot subdivision.

Question 6 of the Statement of Questions addresses whether the road must be constructed to so-called A-76 standards. As already determined in prior litigation, the Town requires only that any road to be dedicated as a public highway be constructed to A-76 standards. This road is not proposed to be dedicated as a public highway and therefore need not be constructed to A-76 standards. At such time in the future as it is proposed to be dedicated as a public highway, however unlikely that may be, the reservation of the 60-foot-wide right-of-way would allow it to be upgraded to such standards. See Appeal of Shantee Point Estates, Inc., Docket No. 169-9-98 Vtec (Vt. Envtl. Ct., September 21, 2000) at p. 8.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant= s Motion for Summary Judgment is DENIED and Summary Judgment is entered in favor of Appellee-Applicant on Questions 1 and 6 of the Statement of Questions, as discussed above. We

will discuss the scheduling of the remaining issues for a hearing on the merits at the conference already scheduled for noon today; this decision is being faxed to the parties to assist their preparation for that conference.

Done at Barre, Vermont, this 8th day of September, 2003.


_____
Merideth Wright
Environmental Judge

---

Footnote

[1.] We note that subdivision approval of the road was required because it was the extension of a road to serve more than two lots. See Appeal of Shantee Point Estates, Inc., Docket No. 152-8-99 Vtec (Vt. Envtl. Ct., January 17, 2000). Nothing in that litigation required that Appellee-Applicants subdivide the right-of-way for the roadway as a second lot, although Appellee-Applicants appear to be proposing such a lot in the present case.